THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:13-cv-00042-MR-DLH

| | |
|---|---|
| UNITED STATES OF AMERICA, and ) <br> The STATES OF CALIFORNIA, ) <br> COLORADO, CONNECTICUT, ) <br> GEORGIA, HAWAII, ILLINOIS, IOWA, ) <br> MARYLAND, MASSACHUSETTS, ) <br> NEW YORK, NORTH CAROLINA, ) <br> VIRGINIA, and WASHINGTON, *ex rel.* ) <br> WARREN CHRISTOPHER WALL, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> ) <br> BAXTER INTERNATIONAL, INC. and ) <br> BAXTER HEALTHCARE ) <br> CORPORATION, ) <br> ) <br> Defendants. ) <br> _____ ) | **ORDER OF DISMISSAL AS TO CLAIMS OF THE STATE PLAINTIFFS AND RELATOR AS TO STATE PLAINTIFF CLAIMS** |

**THIS MATTER** is before the Court on the Relator's Notice of Dismissal of State Plaintiff Claims [Doc. 66]. The Court held a status conference regarding the Relator's Notice on April 18, 2017.

In accordance with the terms and conditions of a Settlement Agreement among the United States, Baxter International, Inc., Baxter Healthcare Corporation, and Relator Warren Christopher Wall (the

"Settlement Agreement"), the Relator dismisses with prejudice as to himself and without prejudice as to the State Plaintiffs all claims asserted in the above-captioned Civil Action on behalf of the State Plaintiffs. [Doc. 66]. Attached to the Notice of Dismissal is a statement of consent from the State of North Carolina on behalf of all of the State Plaintiffs. [Doc. 66-1].

An action brought under the False Claims Act "may be dismissed only if the court and the Attorney General give written consent to the dismissal and their reasons for consenting." United States ex re. Michaels v. Agape Senior Cmty., Inc., 848 F.3d 330, 336-37 (4th Cir. 2017 (quoting 31 U.S.C. § 3730(b)(1)). Upon consideration of the Notice of Dismissal and the Settlement Agreement executed by the Parties, the Court consents to the dismissal of all claims asserted on behalf of the State Plaintiffs. Such dismissal is reasonable as the States did not intervene in this action, and as the parties the concede, the basis for pursuing such claims under the state false claims statutes is much weaker than the basis for the claims pursued by the Relator under the federal False Claims Act. Further, the Court finds that the Relator's dismissal of such state claims as to him is reasonable, as there is no other person apparent from the record who would constitute an original source and who could serve as a relator.

**IT IS, THEREFORE, ORDERED** that all claims asserted on behalf of the State Plaintiffs are **DISMISSED WITH PREJUDICE** as to the Relator and **DISMISSED WITHOUT PREJUDICE** as to the State Plaintiffs.

**IT IS SO ORDERED.**

Signed: May 9, 2017

Martin Reidinger
United States District Judge