**THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:13-cv-00042-MR-DLH**

| | |
|---|---|
| **UNITED STATES OF AMERICA, and** ) | |
| **The STATES OF CALIFORNIA,** ) | |
| **COLORADO, CONNECTICUT,** ) | |
| **GEORGIA, HAWAII, ILLINOIS, IOWA,** ) | |
| **MARYLAND, MASSACHUSETTS,** ) | |
| **NEW YORK, NORTH CAROLINA,** ) | |
| **VIRGINIA, and WASHINGTON,** *ex rel.* ) | |
| **WARREN CHRISTOPHER WALL,** ) | |
| ) | |
| **Plaintiffs,** ) | **ORDER OF DISMISSAL** |
| ) | **AS TO CLAIMS OF THE** |
| **vs.** ) | **UNITED STATES AND** |
| ) | **RELATOR** |
| ) | |
| **BAXTER INTERNATIONAL, INC. and** ) | |
| **BAXTER HEALTHCARE** ) | |
| **CORPORATION,** ) | |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Stipulation of Dismissal of

the United States and Relator [Doc. 67].

Pursuant to Rule 41(a) of the Federal Rules of Civil Procedure, the *qui*

*tam* provisions of the False Claims Act, 31 U.S.C. §§ 3730(b)(1), *et seq.*, the

United States and Relator Warren Christopher Wall (together, the "Parties")

filed a Stipulation of Dismissal as to all claims asserted in the above-

captioned Civil Action. The Court held a status conference regarding the Parties' dismissal on April 18, 2017. At that time, the Parties presented the Court with a copy of their executed Settlement Agreement.

An action brought under the False Claims Act "may be dismissed only if the court and the Attorney General give written consent to the dismissal and their reasons for consenting." United States ex re. Michaels v. Agape Senior Cmty., Inc., 848 F.3d 330, 336-37 (4th Cir. 2017) (quoting 31 U.S.C. § 3730(b)(1)). Upon consideration of the parties' Settlement Agreement, the Stipulation of Dismissal, and the arguments of counsel, the Court consents to the dismissal of this Civil Action.

In Paragraph D of the parties' Settlement Agreement [Doc. 73 at 2], the United States contends that it has certain civil claims related to the Defendants' sale of products to the Veterans' Administration ("VA") under certain contracts ("the VA contracts"). Specifically, the United States alleges that the products sold pursuant to the VA contracts were produced by the Defendants in violation of federal regulations and that, as a result, the Defendants caused to be submitted false claims to the VA in violation of the False Claims Act. [Id.].

Based on the allegations of the United States, the Court finds that the Defendant had potential exposure for liability in this case well in excess of

the settlement sum.  On the other hand, the Defendant also had a potentially

strong defenses -- based on the recent decision of the United States

Supreme Court in <u>Universal Health Services, Inc. v. United States</u>, 136 S.

Ct. 1989 (2016) and Fourth Circuit precedent, <u>see</u> <u>United States ex rel.</u>

<u>Rostholder v. Omnicare, Inc.</u>, 745 F. 3d 694 (4th Cir. 2014) -- that there was

no actual product impact that resulted from the Defendant's incorrect

manufacturing procedures or that, if there was such impact, it was not

material.  The Court finds that the Parties' settlement is fair and reasonable

in light of all these circumstances.

The parties also seek dismissal without prejudice of any other claims

of the United States within the purview of the Relator's Complaint.  Such

dismissal is reasonable because to date the United States has not identified

any basis to pursue such claims and has chosen not to intervene in the

pursuit of those claims.  Further, counsel for the United States represents to

the Court that it has no current intention to pursue such claims in the future.

The Relator agrees to dismiss his claims in this action with prejudice,

and there is no other person apparent from the record who would constitute

an original source and who could serve as a relator in this case.

Finally, the Court finds that the Parties' negotiation of this settlement is reasonably expected to resolve all aspects of this matter with finality, with the exception of the Relator's claim for attorneys' fees.

For all of these reasons, the Court finds that the Parties' settlement is fair and reasonable, and therefore the Court consents to the dismissal of this action as proposed by the Parties.

**IT IS, THEREFORE, ORDERED** that:

1.    Consistent with the terms of the Settlement Agreement among the United States, Baxter International, Inc., Baxter Healthcare Corporation (Baxter), and Relator Warren Christopher Wall (the "Settlement Agreement"), all claims asserted in Case No. 1:13-cv-00042-MR-DLH for the Covered Conduct as described in Paragraph D of the Settlement Agreement are **DISMISSED WITH PREJUDICE** as to the United States and Relator.

2.    Any remaining claims asserted in the Civil Action shall be **DISMISSED WITH PREJUDICE** as to the Relator and **WITHOUT PREJUDICE** as to the United States.

3.    The Court shall retain jurisdiction to resolve issues relating to Relator's claim for attorneys' fees, expenses, and costs against Baxter under 31 U.S.C. § 3730(d).

**IT IS SO ORDERED.**

Signed: May 9, 2017

Martin Reidinger
United States District Judge